# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | APPEAL DOCKET NO. |
| SUSAN MARIA RABORN, | 16-00002-SDD-EWD |
|     DEBTOR | |

## RULING

This matter is before the Court on the *Emergency Motion to Stay Pending Appeal of Order to Lift Automatic Stay Pursuant to Bankruptcy Rule 8005*[1] filed by Debtor Susan Maria Raborn ("Debtor"). Dr. Charles Raborn sued Debtor in Louisiana state court to dissolve the sale of stock in Pedicons, Inc. for failing to pay the purchase price.[2] Following a jury trial, the state court entered a judgment on June 5, 2015, dissolving the stock sale and recognizing Dr. Raborn as the owner of the stock in accordance with the jury's verdict. Debtor moved for a new trial and a judgment notwithstanding the verdict in state court.

On August 10, 2015, Debtor filed individual chapter 11 bankruptcy proceedings apparently in an attempt to avoid the state court judgment. Debtor then issued voluminous discovery requests in the bankruptcy proceeding aimed at the same issues regarding the Pedicons stock litigated in state court. Dr. Charles Raborn sought relief from the automatic stay issued by the bankruptcy court as he wished to conclude the proceedings in the state court, which had not yet ruled on Debtor's post-trial motions.

---

[1] Rec. Doc. No. 2.
[2] No. 624,303 Nineteenth Judicial District Court for East Baton Rouge Parish, filed September 3, 2013. 30115

On November 25, 2015, the bankruptcy court heard oral argument on the motion to lift the stay.  After hearing the parties and considering the evidence in the record, the bankruptcy court granted the motion to lift the stay to allow the parties to complete the state court litigation to final judgment, not subject to appeal, and specifically prohibited execution on any resulting judgment without further leave of the bankruptcy court.[3]

On December 22, 2015, Debtor filed an appeal in the bankruptcy court which Dr. Charles Raborn opposed.  The bankruptcy court denied relief, finding that a stay was not warranted because Debtor would not suffer irreparable harm, would not likely be successful on the merits, and it would not serve the public interest. Debtor now moves this Court to stay the bankruptcy court's order granting Dr. Charles Raborn's motion for relief from the automatic stay pending the outcome of the appeal.

**I.      STANDARD FOR STAY PENDING APPEAL**

The decision to grant or to deny a stay pending appeal falls within the district court's sound discretion.[4]  Federal Rule of Bankruptcy Procedure 8005 governs motions to stay pending appeal of bankruptcy court orders.  Rule 8005 permits such a motion to be made to the district court when:  (1) the motion is presented to the bankruptcy judge in the first instance, and (2) the motion demonstrates why the stay was not obtained from the bankruptcy judge.  In addition, the party seeking a stay pending appeal under Rule 8005 must generally satisfy the four criteria required for issuance of a preliminary injunction.[5]  The movant must show that:  (1) it is likely to succeed on the merits; (2) it will

---

[3] Rec. Doc. No. 4-2.
[4] *See In re First South Savings Ass'n,* 820 F.2d 700, 709 (5th Cir.1987).
[5] *See In re Blackwell*, 162 B .R. 117, 119 (E.D.Pa.1993); *In re Tulane Hotel Investors Ltd. Partnership*, 68 B.R. 145, 147 (E.D.La.1986); *In re Ba–Mak Gaming Int'l, Inc.*, 1996 WL 411610, at *1 (E.D.La. July 22, 1996); *In re Overmeyer*, 53 B.R. 952, 955 (Bankr.S.D.N.Y.1985).
30115

suffer irreparable injury if the stay is denied; (3) the other parties would not suffer substantial harm if the stay is granted; and (4) issuance of the stay would serve the public interest.[6]  The party seeking the stay must satisfy all four of these criteria in order to prevail.[7]

### A. Likelihood of Success on the Merits

The Court finds that Debtor has failed to satisfy her burden on this motion.  Debtor merely restates to the Court the myriad of reasons she believes the state court judgment to be erroneous; however, she fails to provide legal support for her contention that she is likely to succeed on the merits regarding the reasons for the lifting of the stay by the bankruptcy court.  As the bankruptcy court noted, "granting stay relief is left to the bankruptcy court's discretion and determined on a case by case basis."[8]  The bankruptcy court also discussed and applied the *In re Robbins*[9] factors to the facts of this case, and the Court finds no error in the bankruptcy court's analysis and finding that the *Robbins* factors weighed in favor of granting the stay relief.  The Court also agrees with the bankruptcy court's finding that the issues in the state court litigation are "solely state law issues not warranting [the bankruptcy court's] expertise, even if it had the power to revisit the state court's rulings."[10]  As the bankruptcy court succinctly stated:  "maintaining the

---

[6] *First South Savings*, 820 F.2d at 709 (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir.1982)); *Tulane Hotel*, 68 B.R. at 147 (citations omitted); *In re Norris*, 192 B.R. 863, 866 (Bankr.W.D.La.1995) (citing *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38 (5th Cir.1983)).

[7] *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir.1985); *Mitchell v. Secretary of U.S. Dep't of Educ.*, 1998 WL 564310, at *2 (E.D.La. Sept. 3, 1998); *Harding v. City of Houma*, 1998 WL 171515, at *1 (E.D. La. April 9, 1998).

[8] Rec. Doc. No. 4-2, citing *In re Choice ATM Enterprises*, 2015 WL 1014617 at *5 (Bankr. N.D. Tex. April 4, 2015)(citing *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982)).

[9] 964 F.2d 342, 345 (4th Cir. 1992).

[10] Rec. Doc. No. 4-2, p. 5, citing the *Rooker-Feldman* doctrine, derived from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923), which "forecloses not only straightforward

30115

automatic stay and enabling the debtor to avoid finishing the state court litigation defeats the goal of judicial economy because this court is powerless to overturn the state court judgment."[11]  This Court agrees.  Debtor apparently misapprehends the purpose of bankruptcy proceedings and appears to erroneously believe that the bankruptcy court or this Court has jurisdiction to upset the state court judgment rendered against her.

The Court also agrees that a determination of who owns the Pedicons stocks is essential to her chapter 11 success; thus, Debtor's attempt to stay the state court litigation does not aid in the expeditious disposition of her chapter 11 filing.  For all of the reasons set forth in the *Reasons for Order* of the bankruptcy court, Debtor has failed to demonstrate that she will succeed on the merits on appeal.

### B.  Irreparable Harm/Harm to Others

Debtor also claims she will suffer irreparable harm without a stay, arguing that her estate will allegedly lose an asset if her appeal is not successful, and her estate will have to bear the cost of prosecuting the appeal unless the automatic stay remains in place.[12]  These claims are without merit.  For the reasons given by the bankruptcy court, the Pedicons stock does not now belong to Debtor's bankruptcy estate as there is no remedy available to "undo" the judgment rescinding the sale of such stock if the state courts affirm the jury verdict.

Additionally, the Court agrees with the bankruptcy court that the cost of appealing the state court litigation does not amount to irreparable harm to the Debtor.  The record

---

appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). *See also Avoyelles Pub. Co. v. Ieyoub*, 133 F. Supp. 2d 460, 464-5 (W.D. La. 2000).
[11] *Id.*
[12] Rec. Doc. No. 2, p. 8.
30115

reflects that Debtor is a member of the Louisiana bar and not required to hire counsel. The costs associated with pursuing an appeal do not constitute irreparable harm and, frankly, do not outweigh the potential harm to Dr. Charles Raborn if the state court litigation is not completed. Debtor's claim that Dr. Raborn will suffer no harm as a result of a stay is simply without merit and contradicted by the record.

### C. Public Interest

Debtor also contends that the public interest favors a stay because a stay would "protect Creditors and Debtors by not allowing one Creditor to cause great and substantial financial harm to the Debtor's estate, and to other Creditors."[13] Debtor further claims that the public interest is served by the Debtor's ability to "utilize the property in a reorganization plan and a plan that stops the use of an elderly father without capacity from destroying Debtor, Debtor's estate, and other Creditor's in state court proceedings."[14]

Once again, Debtor's arguments miss the mark. The Debtor's repeated allegations of fraud upon the state court and the bankruptcy court are belied by the record. There is simply no evidence to support these claims. Rather, the Court finds the public interest is properly served by allowing the state court litigation to proceed where, as here, the judgment of the state court litigation determines whether the property at issue is part of Debtor's estate. Moreover, the public interest is further served in disabusing the notion

---

[13] *Id.* at p. 9.
[14] *Id.* at p. 10.
30115

among state court litigants that they may file bankruptcy to avoid or nullify a state court judgment with which they are displeased.[15]

## II. CONCLUSION

The Court has reviewed the record in this case, the briefs of the parties, and the reasons set forth by the bankruptcy court for its decision to lift the stay. The Court finds no errors in the bankruptcy court's findings of fact or conclusions of law. In fact, the Court agrees with the bankruptcy court that it is in Debtor's best interests that the state court litigation proceed because, if she is successful, her right to the Pedicons stock may be established for purposes of her chapter 11 filing. For all of the reasons set forth above, the Debtor's *Emergency Motion to Stay Pending Appeal of Order to Lift Automatic Stay Pursuant to Bankruptcy Rule 8005*[16] is DENIED.

 IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on <u>January 15, 2016</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[15] The bankruptcy court stated: "More important, the records of the bankruptcy and related adversary proceedings support a finding that Susan Raborn's lawsuits in this court appear to be an effort to 'end run' the state court that already has adjudicated the debtor's claims to the Pedicons stock." Rec. Doc. No. 4-2, p. 7.
[16] Rec. Doc. No. 2.
30115