# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                    APPEAL DOCKET

SUSAN MARIA RABORN,                                                      16-2-SDD-EWD

DEBTOR

## RULING AND ORDER OF DISMISSAL

This matter is before the Court on the *Motion for Reconsideration*[1] filed by Debtor Susan Maria Raborn ("Raborn") of the Court's *Ruling*[2] denying Debtor's untimely filed request for an extension of time to file her appeal brief.[3]  In her extension request, the Debtor represented to the Court that the alleged mediation process her pending bankruptcy case required that "no further actions be taken in any cases filed."[4]  Upon review of the bankruptcy record, the Court noted numerous motions recently filed and pending or set for hearing,[5] including one motion filed by Debtor herself.[6]  Moreover, any stay of motion practice in the bankruptcy court did not affect Debtor's filing deadlines in this Court for the appeal that she filed.  Based on this mischaracterization of the bankruptcy record and no excuse for the untimely extension request, the Court denied Debtor's request and dismissed her appeal.[7]  Additionally, the Court notes that Debtor never requested leave of this court to appeal the Bankruptcy Court's interlocutory order as required by 28 U.S.C. § 158(a).

---

[1] Rec. Doc. No. 11.
[2] Rec. Doc. No. 12.
[3] *See* Rec. Doc. No. 11.
[4] Rec. Doc. No. 11.
[5] Bankruptcy Court Record, Middle District of Louisiana, 15-10938.
[6] Rec. Doc. No. 268 in Bankruptcy Case 15-10938.
[7] It should also be noted that it appears to the Court that all of the issues that Debtor appeals were already addressed by this Court's *Ruling* of January 5, 2016.  Rec. Doc. No. 6.

32125

Debtor now moves for reconsideration of this order, bringing false and baseless allegations of bias on the part of this Court. The Court has made no "personal unfounded attacks in this ruling as well as the previous ruling"[8] against Debtor as claimed; rather, the Court has applied the applicable law to the facts of the case. Debtor's unsupported allegation that the Court has some bias against her "stemming from longstanding personal relationships with opposing counsels in the course of litigation"[9] is likewise lacking in any merit whatsoever. Indeed, the undersigned has no personal or professional relationships with any of the attorneys involved in Debtor's bankruptcy or state court litigation.

As a member of the Bar, Debtor is cautioned to familiarize herself with Rule 8.2(a) of the Louisiana Rules of Professional Conduct, which states that: "[a] lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office."

Accordingly, Debtor's *Motion for Reconsideration*[10] is DENIED. This appeal is dismissed and the Clerk of Court is ordered to terminate this appeal.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>June 7, 2016.</u>

                                             */s/ Shelly D. Dick*
                              **JUDGE SHELLY D. DICK**
                              **UNITED STATES DISTRICT COURT**
                              **MIDDLE DISTRICT OF LOUISIANA**

---

[8] Rec. Doc. No. 13, p. 1.
[9] *Id.*
[10] Rec. Doc. No. 13.
32125